## MARTHA A. DAVIS *vs.* JOHN SULLIVAN.

Suffolk.   January 28. — 29, 1886.   HOLMES & GARDNER, JJ., absent.

The prayer of a bill in equity was that the defendant deliver to the plaintiff certain articles of personal property, and that an injunction issue restraining the defendant from selling or disposing of the articles, pending the proceeding. An injunction thereupon issued restraining the defendant from disposing of the articles. The answer alleged that the defendant had disposed of the articles before the service of the injunction. The case was sent to a master to determine whether, prior to said service, the defendant had sold the articles ; and, if he had sold them, what their value was. The master found that the defendant had not sold them before such service. A final decree was then entered that the defendant forthwith deliver the articles to the plaintiff. From this decree the defendant appealed to the full court, and there was no report of the facts or evidence upon which the decree was founded. *Held,* that the decree followed the frame of the bill, and was justified by the record ; and that the objection was not open that the issue had not been determined whether the defendant had or had not disposed of the articles otherwise than by sale before the service of the injunction upon him.

BILL IN EQUITY, filed March 13, 1883, alleging that the plaintiff, in 1880, was the owner of a gold watch, a diamond ring, a cameo ring, a gold seal with an onyx stone, and a pair of gold sleeve-buttons, all of which she had received from her husband, since deceased, and which she had lent to the defendant, relying

upon his promise to return the same; that the defendant, though often requested to return them, had refused to do so; and had secreted them so that the plaintiff could not replevy them.

The prayer of the bill was, that the defendant be ordered to deliver up said articles to the plaintiff, or that he be ordered to expose and exhibit the same so that they could be taken on a writ of replevin; and that the defendant be restrained, pending the proceedings, from selling, secreting, or disposing of any of such articles.

On March 15, 1886, an injunction issued restraining the defendant from disposing of said articles.

The answer alleged that the defendant had had in his possession and control for a number of years a watch, seal, and diamond ring, which the plaintiff had presented to him, but that some time prior to the service of the injunction he had disposed of said articles, and that they were beyond his control at and for a long time before said service; and that the defendant had returned to the plaintiff the seal ring and gold sleeve-buttons.

On January 5, 1885, an interlocutory decree was passed, that all of the property specified in the plaintiff's bill was the property of the plaintiff; that it be ordered that the same be returned and delivered to the plaintiff, if the same was in the possession of the defendant at the time of the service of the injunction; and that the case be referred to a master to find whether, at the time of the service of the injunction upon the defendant, he had sold the property specified in the bill; and, if he had so sold it, to find the value of the same.

An order of reference issued accordingly, and the master found that, at the time of the service of the injunction, the defendant had not sold the property specified in the plaintiff's bill.

A final decree was thereupon entered, that the defendant forthwith surrender and deliver to the plaintiff, her agent or attorney, each and every of the articles of personal property mentioned in the plaintiff's bill. From this decree the defendant appealed to the full court.

*Z. S. Arnold,* for the defendant, contended that the decree was not justified, because the issue had not been determined whether the defendant had the goods in his possession or control at the time of the service of the injunction, but merely

whether he had sold them; and that, under the decree, he would be liable to be committed for contempt, although he had lost or given away the goods before such service.

*H. J. Edwards*, for the plaintiff.

BY THE COURT. This is an appeal from a final decree of a single justice of this court, without a report of the facts or evidence upon which the decree was founded. The decree clearly follows the frame of the bill, and is justified by the record, and no other question is presented in the case as it comes before us.

*Decree affirmed.*