### FISHER *v.* GRANDFIELD.

TRUSTS—PLEADING—EQUITY—JURISDICTION.
> A prayer in a bill by an administratrix that defendants be decreed to hold certain property in trust for the estate, *held*, sufficient to establish the jurisdiction of a court of equity,

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 15, 1920. (Docket No. 76.) Decided June 7, 1920.

Bill by Fannie Fisher, administratrix of the estate of Florence B. Grandfield, deceased, against Walter Grandfield and another to enjoin the disposal of cer-

tain jewelry, and for other relief. From a decree dismissing the bill, plaintiff appeals. Reversed.

*John G. Anderson,* for plaintiff.

*R. J. Macdonald* (*D. A. Macdonald,* of counsel), for defendants.

One Florence B. Grandfield died seised of certain personal property, consisting principally of jewelry set with diamonds. She disposed of this by will, bequeathing to her mother one four-carat diamond ring, one diamond brooch, two small diamond rings, and all other jewelry belonging to her, except one tie pin set with three diamonds and one locket set with eight diamonds, which she bequeathed to her husband, the individual defendant herein. It is set out in the bill of complaint that said jewelry, at the time of the death of Florence B. Grandfield, was in a safety deposit box in the National Lumberman's Bank at Muskegon, held in the joint names of Florence B. Grandfield and her husband, Walter Grandfield; that shortly after the death of Florence B. Grandfield, Walter Grandfield took sole charge of said box; that the defendant National Lumberman's Bank has refused to deny Walter Grandfield access to said box to take said diamonds and jewelry therefrom; and that said Walter Grandfield has repeatedly stated that he would not give up or deliver said diamonds to any person or authority; and that said defendant Walter Grandfield is financially irresponsible. The prayer is for an injunction, restraining both defendants from removing said jewelry from said box or disposing of the same and that said jewelry be decreed to be the property of the estate of Florence B. Grandfield and that the said diamonds and jewelry be decreed by the court to be held by the said Walter Grandfield in trust for the said estate of Florence B. Grandfield, deceased. It appears that a preliminary injunction was issued, but upon

the hearing upon the bill and answer and proofs (in part) taken in open court, the court dismissed the bill upon the ground that a court of equity "has no jurisdiction to hear and determine the matter in controversy between the parties, because the plaintiff has an adequate remedy at law in the premises." From this decree plaintiff appeals.

BROOKE, J. (*after stating the facts*). We are of the opinion that the case at bar is fully controlled by our decision in the case of *Chamberlain* v. *Eddy,* 154 Mich. 593. There, the sister of the decedent had come into possession of two certificates of deposit, amounting to $2,400, two promissory notes, and an uncollected claim. She had reduced these to her possession and claimed the same as her individual property. The bill of complaint was filed by the administrator for a discovery and to establish a trust. The court said:

"It is contended that the bill should be dismissed, for the reason that there was an adequate remedy at law, and it is said that the case is one peculiarly adapted to trial by jury. We are of the opinion that equity has jurisdiction in this case, *first,* to declare that the property received was a trust fund, and to follow the fund and enforce payment against property purchased by it; *second,* to restrain by injunction the further disposition of the unexpended portion of the property. We are not impressed with the importance of a jury to decide any question in the case. A chancellor can do it as well. Where the jurisdiction of equity is clear, as in this case, there is no obligation to send questions of fact to the jury, and if it be thought expedient to do so, it should be by sending an issue to a jury, and not by dismissing the bill upon the hearing."

It is asserted by counsel for the appellee that the *Chamberlain Case* is readily distinguishable from the case at bar for the reason that—

"* * * there was no bill of discovery; there was no

attempt to establish a trust; there was no demand for an accounting. The bill of complaint was to make an injunction permanent. In other words, the action was an auxiliary one, a dependent action on another and separate action at law. The plaintiff, so far as is shown by his bill, had an adequate remedy at law, and one that he ignored."

We have already shown that the prayer for relief includes the prayer that defendant be decreed to hold said property in trust, and, under the authority of *Chamberlain* v. *Eddy, supra,* that ground alone is held sufficient to establish the jurisdiction of a court of equity. See, also, *Lane* v. *Traction Co.,* 135 Mich. 70; *Davis* v. *Sullivan,* 141 Mass. 76 (7 N. E. 32).

The decree is reversed and the court below directed to proceed to a hearing upon the merits.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.